## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

DONALD PRITCHETT,
    Defendant

Criminal Complaint

CASE NUMBER: 07- 61M-MPT



I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about April 2, 2007 in the District of Delaware, Defendant DONALD PRITCHETT did knowingly:

1) possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,
in violation of Title _____18_____ United States Code, Section(s) _922(g)(1) and 924(a)(2);_
2) possess with intent to distribute heroin,
in violation of Title _____21_____ United States Code, Section(s) _841(a)(1) and (b)(1)(C);_ and
3) possess a firearm in furtherance of the above possession with intent to distribute heroin,
in violation of Title _____18_____ United States Code, Section(s) _924(c)._

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

FILED
APR - 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

_____
Patrick Fyock
Special Agent, ATF

Sworn to before me and subscribed in my presence,

April 3, 2007                                    at          Wilmington, DE
Date                                                            City and State

Honorable Gregory M. Sleet
United States District Court Judge                 _____
Name & Title of Judicial Officer                    Signature of Judicial Officer

## AFFIDAVIT OF PATRICK FYOCK

1. Your affiant is Patrick Fyock. Your affiant has been a Special Agent for over five and a half years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives(ATF). During that time, my duties have included the investigation of federal and state firearms offenses. Prior to being hired by ATF, I was employed as a Police Officer for seven years with the Nationally Accredited New Castle County Police Department in Delaware. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions, including but not limited to the ATF Academy, New Castle County Police Academy, Firearms identification classes, Firearms Nomenclature classes, and Firearms identification classes at the Federal Law Enforcement Training Center. During the course of your affiant's law enforcement career, your affiant has participated in over 80 seizures of firearms and well over 120 investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses. Your affiant has also received training on drug investigations and drug trafficking characteristics during my time as a New Castle County Police Officer, including but not limited to a DEA 40 hour drug investigator class. Your affiant has participated in approximately 6 - 8 drug investigations resulting in drug seizures and convictions since joining ATF. You affiant has contact with DEA agents, state and local drug investigators on a regular basis and possesses a working knowledge of the drug trends for this area.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with Wilmington Police Officers.

3. The seizure of all the below stated evidence occurred on April 2, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction for Possession of a Narcotic Schedule I Controlled Substance Within 1000 Feet of a School from on or about 07/02/2002 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

5. Your affiant learned from Wilmington Police Officers that officers were contacted recently by a past proven reliable informant (CI). The CI in the past has provided information and service that has led to the arrest and conviction of numerous drug traffickers. The CI is a drug user, has a prior criminal record for felonies, and is cooperating with law enforcement for consideration on pending felony charges. The CI advised that Donald Pritchett is selling heroin from out of his residence. The informant then advised that Donald Pritchett resides at █████████ Wilmington,

Delaware.

6. The officers know Donald Pritchett from a previous Heroin investigation which took place in the Riverside Housing Area. The officers then ran Donald Pitchett in the DELJIS (Delaware Criminal Justice Information System) system and learned that Donald Pritchett resides at ▮▮▮▮▮▮▮▮ Wilmington, Delaware. The officers also learned that Donald Pritchett was wanted out of New Castle County Court of Common Pleas for a failure to pay capias.

7. The officers printed out a DELJIS picture of Donald Pritchett. The picture was then shown to the CI. The CI confirmed for the officers that the picture was that of Donald Pritchett, the male who was selling heroin out of ▮▮▮▮▮▮▮▮ Wilmington, Delaware.

8. The officers made contact with the CI on April 2, 2007. These officers met with the CI for the purpose of conducting a controlled buy of Heroin from Donald Pritchett. The CI agreed to attempt the controlled purchase and was first searched by one of these officers for any contraband and currency with negative results. The CI was then provided with departmental issued buy money - three twenty dollar bills, with recorded serial numbers, by one of these officers. The CI was then directed to respond to ▮▮▮▮▮▮▮▮ Wilmington, Delaware and purchase a predetermined amount of Heroin. The CI was dropped off a few blocks away from the target location by these officers. The CI was then followed by these officers to the target location at which time he/she entered the target building.

9. The CI was then observed exiting the target building by these officers. The CI was then followed back to a predetermined meet location by these officers where he/she turned over thirteen (13) heat sealed plastic bags that had a blue glassine bag marked "Honda" to one of these officers. Each bag had a white chalky substance. The substance was later field tested by one of these officers and tested positive for the presence of heroin and weighed .32 grams. The drugs were later tagged and placed into the evidence locker in accordance with the City of Wilmington Police Department policies and procedures.

10. The CI was debriefed and advised these officers the following. He/she knocked on the front door to ▮▮▮▮▮▮▮▮ and was let into the residence by the target Donald Pritchett. Donald Pritchett then asked the CI what he/she wanted. The CI then asked for a pre-determined amount of heroin. Donald Pritchett then handed the CI the heroin in exchange for the departmental buy money. The CI then left the residence and walked back to a pre-determined meet location. The CI stated the heroin was behind a picture frame in the dinning room next to the thermostat.

11. Your affiant learned from Wilmington Police Officers that a search and seizure warrant was executed at ▮▮▮▮▮▮▮▮ Wilmington, Delaware 19802 on April 2, 2007, the residence of Donald T. Pritchett.

12. One of the WPD officers involved in the search warrant with personal knowledge of the search and seizures advised your affiant of the following. During the search, a locked two drawer filing cabinet was located in the dining room of the residence. The cabinet was forced open by Wilmington Police Officers and inside was a Smith & Wesson 9mm model SW95 serial number PAF2580 and a magazine for the firearm containing 17 rounds of 9mm ammunition. Also 4- 9mm RP manufacturer rounds were located in a plastic container in the mud room off the kitchen. When the firearm was located, the defendant made an unsolicited statement denying ownership of the gun and essentially stated that it was planted there by another named person.

13. That WPD officer also reported to your affiant the following. During the search, 26 heat sealed plastic bags that each had a blue glassine bag inside marked "Honda" containing a white powdery substance were located behind a picture frame in the dinning room next to the thermostat. The substance field tested positive for the presence of heroin by a WPD officer and weighed .78 grams. Also located behind the same picture frame was the Wilmington Police buy money, three $20.00 bills, with the recorded serial numbers. When the bundles of heroin were located, the defendant made an unsolicited statement essentially that the "Honda" bags were planted there by still another named person (the CI), not the same subject as mentioned in paragraph 12. Pritchett stated "they just used a bag". It should be noted that the defendant was not close enough to the location to observe the markings on the small bags (approx. 3-5 feet).

14. That WPD officer also reported to your affiant the following. While at the residence a female identified as ▓▓▓▓▓▓▓▓▓▓▓▓▓ arrived and the WPD officer informed her why police were at her residence. That WPD officer asked if she was aware Donald Pritchett had a drug problem and she stated "yes". When questioned about the filing cabinet, she responded she was aware of the filing cabinet and in fact had the key on her key chain, but when she lifted up her hand containing the key chain, she stated the key was missing. When questioned if she knew about firearm in the cabinet she then stated "Yes" "I told him to get one for protection" but does not know where he purchased it. She then stated she did not know ▓▓▓▓▓ was a convicted felon and could not possess a firearm.

15. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the Smith & Wesson Model SW95 9mm serial number PAF2580 is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

16. From my training and experience I know that the seized heroin was possessed with the intent to distribute based on the prior sale to the CI, the individual packaging method

and the heroin was located with the Wilmington Police buy money from the previous sale. Also based on the fact that the firearm and a loaded magazine were in close proximity to the location of the stashed heroin, buy money and the location of the CI's purchase of heroin from the defendant, I have concluded that the defendant possessed the firearm in furtherance of his possession with intent to distribute heroin.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated:(1) 18 U.S.C. 922(g) and 924(a)(2), by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, (2) 21 U.S.C. 841(a)(1) and (b)(1)(C), by Possessing with Intent to Distribute a Controlled Substance, Heroin, and (3) 18 U.S.C. 924(c) by Possessing a Firearm in Furtherance of a Drug Trafficking Crime, the above–stated Possession with Intent to Distribute Heroin, and respectfully requests that the Court issue a Criminal Complaint charging those offenses.

_____
Patrick Fyock
Special Agent, ATF

Sworn to and subscribed in my presence
this 3 day of APRIL 2007

_____
Honorable Gregory M. Sleet
United States District Court Judge
District of Delaware