IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No.  07-62-JJF |
| | : | |
| DONALD PRITCHETT, | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S MOTION TO SUPPRESS
### PHYSICAL EVIDENCE AND STATEMENTS

Defendant, Donald Pritchett, by and through his undersigned counsel, Edson A. Bostic, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about April 2, 2007, including any and all statements made subsequent to the illegal search.

In support thereof, Mr. Pritchett avers as follows:[1]

1.      In or around the beginning of April 2007, Wilmington Police Officers allegedly received information from a confidential informant  that the defendant was selling heroin out of 601 West 30th Street, Wilmington, Delaware.

---

[1] The facts contained in paragraphs 1-5 of this motion were taken from the arresting officer's Report of Investigation and Discovery.  Although Mr. Pritchett cites these facts in his motion, he does not concede that the events transpired as stated by the arresting officers.  Donald Pritchett submits that an Evidentiary Hearing is needed to further develop the facts, which are determinative of this motion.

2.    On April 2, 2007, the officers met the confidential informant for the purpose of conducting a controlled buy of heroin from the defendant.  The confidential informant was searched for any contraband and provided with $60.00 for the purchase.  The confidential informant was dropped off approximately 3 blocks away from 601 West 30th Street, and allegedly remained under police surveillance until he entered the location.

3.    The confidential informant was later seen exiting the building, and met with police at a predetermined location.  At that location, the confidential informant provided police with 13 heat sealed plastic bags, each containing blue glassine bags marked "Honda."   According to the confidential informant, he had just bought the drugs while inside 601 West 30th Street, from the defendant.  The confidential informant also purportedly said that the drugs were behind a picture frame, located near the thermostat in the dinning room.

4.    The police obtained a search and seizure warrant, which they executed at the address and residence of the defendant.  Pursuant to that warrant, the police allegedly recovered the "buy money", additional drugs and a handgun.  Additionally, 4-9mm rounds of ammunition, manufactured by RP, were found in a plastic container in the mud room.

5.    During the course of the executing of the search warrant and defendant's arrest, he allegedly made inculpatory statements.  The police allege that these statements were made voluntarily.

6.    Upon information and belief, the police, when executing the warrant, failed to knock and announce their presence prior to entering 601 West 30th Street.

7.    On or about May 1, 2007, Mr. Pritchett was charged in a six-count Indictment with, *inter alia*, felon in possession of a weapon (2 counts), delivery of a controlled substance, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § §

922(f)(1) and 924(a)(2); 21 U.S.C. § 841(g)(1); and 18 U.S.C. § 924(c)(1) and(2).

8.      The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST. Amend. IV.  In Terry v. Ohio, 392 U.S. 1, 19 (1968), the Supreme Court stated that "seizures" under the Fourth Amendment occur when law enforcement officials have "by means of physical force or show of authority . . . in some way restrained the liberty of a citizen."

### The Warrant for the Search of 601 West 30th Street was Unsupported by Probable Cause.

9.      The Fourth Amendment proscribes unreasonable searches and seizures.  See US CONST Amend. IV.  Where no probable cause exists to support a search, the evidence recovered in that search must be suppressed.  See Hayes v. Florida, 470 U.S. 811, 814 (1985); Wong-Sun v. United States, 371 U.S. at 471.

10.     In the instant case, there was a warrant issued for the search of 601 West 30th Street; however, that warrant was based on an affidavit that did not support a finding of probable cause.

11.     To determine the sufficiency of an affidavit supporting a warrant, the "totality of the circumstances" test is used.  Illinois v. Gates, 462 U.S. 213, 230 (1983).  Thus, the factors set forth in the affidavit must, in the aggregate, support the issuing magistrate in a finding of probable cause. Id.  In assessing the bases for a warrant, a reviewing court is limited to the "four corners" of the document (i.e., the supporting affidavit and the warrant itself).  See United States v. Jones, 994 F.2d 1051, 1055 (3d Cir. 1993).

12.     The affidavit presented in support of the instant warrant cited three bases for a finding of probable cause: the statement by a confidential informant that there were narcotics inside the

premises at 601 West 30th Street, and the alleged controlled buy of narcotics from inside the residence, and the fact that the defendant had previously been to police as a result of a prior heroin investigation.

14.    Mr. Pritchett argues that, in the aggregate, the factors cited in the affidavit do not support a finding of probable cause to believe that "contraband or evidence of a crime [would] be found" in 601 West 30th Street.  Gates, 462 U.S. at 238.  Therefore, the items seized should be suppressed.

## Mr. Pritchett's Alleged Statements Must Be Suppressed Pursuant To the Fifth Amendment and Miranda v. Washington.

15.    Mr. Pritchett also submits that any alleged statements made during, or subsequent to, his search and seizure must be suppressed pursuant to the Fifth Amendment and Miranda v. Washington, 384 U.S. 436, 444 (1966) because he did not knowingly, intelligently and voluntarily waive his Miranda rights.  See id. (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement, and a "defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined."); see also Jackson v. Denno, 378 U.S. 368, 380 (1964).  Once the defendant challenges the admissibility of an alleged statement, the government bears the burden of establishing compliance with Miranda and its progeny, and must demonstrate that the suspect knowingly, intelligently and voluntarily waived his or her rights.  Id. at 444.

**WHEREFORE**, Mr. Pritchett respectfully submits that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all physical evidence illegally seized by law enforcement officials on or about April 2, 2007, including any alleged statements made by Mr. Pritchett on or about said date.

Respectfully submitted,


/s/ _____

Edson A. Bostic
Federal Public Defender

Attorney for Donald Pritchett


Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Dated: July 24, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-62-JJF |
| | : | |
| DONALD PRITCHETT, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2007, upon consideration of the Defendant's Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by law enforcement officials on April 2, 2007, and statements made by Defendant to law enforcement officials on April 2, 2007, are hereby **SUPPRESSED**. Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

BY THE COURT:

_____
Honorable Joseph J. Farnan, Jr.
United States District Court Judge